

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

**FILED**

**September 23, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 7:40 A.M.

Mitchel Helgerson ) Docket No. 2014-03-0023
)
v. )
) State File No. 65382-2014
Packer Sanitation Services, Inc. )

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 23rd day of September, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **D. David Sexton** | | | | | X | dsexton@sextonandwykoff.com megan@sextonandwykoff.com |
| **Charles W. Gilbreath II** | | | | | X | cgilbreath@noogalaw.com |
| **Pamela B. Johnson, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

**FILED**

**September 23, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 7:40 A.M.

Mitchel Helgerson ) Docket No. 2014-03-0023
)
v. )
) State File No. 65382-2014
Packer Sanitation Services, Inc. )
)
)
Appeal from the Court of Workers' )
Compensation Claims )
Pamela B. Johnson, Judge )

---

Affirmed and Remanded - Filed September 23, 2015

---

The employee reported that his right knee popped and he felt immediate pain when he stepped down from a stool at work. The employer initially authorized medical treatment, but denied the claim approximately five weeks later. Following an expedited hearing, the trial court issued an interlocutory order for medical benefits requiring the employer to provide a panel of orthopedic physicians to the employee. On appeal, the employer asserts that the employee is not entitled to additional medical benefits since he failed to satisfy his burden of proof as to whether the knee condition arose primarily out of and in the course and scope of employment. The employer additionally contests the trial court's credibility determinations. Having carefully reviewed the record, we affirm the trial court's judgment and remand the case for any further proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Charles W. Gilbreath, II, Chattanooga, Tennessee, for the employer-appellant, Packer Sanitation Services, Inc.

D. David Sexton, Knoxville, Tennessee, for the employee-appellee, Mitchel Helgerson

1

**Factual and Procedural Background**

Mitchel Helgerson ("Employee") is a thirty-seven-year-old resident of Knox County, Tennessee. He was employed as a machine cleaner by Packer Sanitation Services, Inc. ("Employer"), in July 2013, before being promoted to leader in May 2014. Employer provides cleaning services for industrial plants, and Employee was assigned to a food production facility in Knoxville, Tennessee.

On August 8, 2014, Employee reported for work at 10:30 p.m. Approximately three hours later, which was soon after midnight on August 9, 2014, Employee was cleaning overhead pipes that ran along the ceiling, which required him to use elevated grates, a ladder, or a step stool. Employee reported that while stepping down from an eighteen-inch stool, he slipped "a little bit" due to food residue on the floor, twisted, and felt a pop in his right knee. Although acknowledging a 2002 right knee injury, he denied having any problems with his right leg or knee immediately prior to the August 9, 2014 incident.

Following the incident, Employee "took a break," during which he called his father and asked him to bring a knee brace to the work site. Employee alleges that, while on break, he informed a supervisor, Adam Welch, that he had hurt his knee. He did not seek immediate medical attention because he thought he only had a sprain, and he hoped his symptoms would abate. Although Employee worked the following night, he called in the next two nights and advised his direct supervisor, Jason Sharp, that he was unable to work.

When Employee returned to work on the evening of August 13, 2014, he spoke to Mr. Sharp and asked that a workers' compensation claim be initiated. He and Mr. Sharp then participated in a teleconference with Medcor, a company that accepts and processes reports of work injuries on behalf of Employer. During this call, Employee described the incident and his symptoms. He also acknowledged a prior injury involving the same knee that occurred approximately twelve years earlier. The Medcor representative referred Employee to Knoxville Medical Center without offering Employee a choice of physicians.

Employee was evaluated and treated on four occasions by Dr. J. Donald King, Jr. The records document that Employee was initially seen on August 14, 2014, at which time he described an August 9, 2014 work-related injury when "he stepped off a step stool and twisted his [right] knee and felt it pop." Dr. King prescribed medication and recommended that Employee begin physical therapy and continue icing his knee and wearing the "private knee brace." The diagnoses in the initial report included (1) "[d]erangement of anterior horn of medial meniscus," (2) right leg effusion of joint, and (3) "[s]prain of medial collateral ligament of knee." Dr. King imposed work restrictions

2

limiting specified activities to a maximum of one hour per day. Employer accommodated the restrictions, and Employee continued working modified duties.

Employee's second visit with Dr. King occurred on August 25, 2014, at which time Employee reported that his symptoms "have remained the same." Dr. King continued physical therapy and the medication and recommended Employee continue icing his knee. He also continued Employee's work restrictions. On August 28, 2014, Employee returned to Dr. King. The report of the visit states that Employee "had an episode in [physical therapy] yesterday with weight shifts and popping catch on medial aspect of [right] knee causing increased pain." Employee reported an increase in pain and other symptoms. Dr. King's report noted that Employee's range of motion decreased and that his "gait has decreased [with] more pain on ambulation." Dr. King continued physical therapy, medication and icing, and he recommended an MRI study of the right knee, which was completed on August 30, 2014.

The August 30, 2014 MRI revealed (1) a large bucket handle tear of the medial meniscus, (2) a one centimeter cyst, "ganglion versus parameniscal cyst adjacent to the anterior root medial meniscus," (3) a "[h]igh-grade ACL tear" that the report states "[s]uspect chronic," (4) "[s]mall to moderate joint effusion," and (5) "[m]inimal chondromalacia." Employee returned to Dr. King on September 5, 2014, reporting no improvement. Dr. King reviewed the results of the MRI and recommended that Employee continue his program of conservative care. Dr. King also referred Employee for orthopedic consultation.

On September 17, 2014, Employer completed a "Notice of Change or Termination of Compensation Benefits" form and a "Notice of Controversy" form indicating that Employee was notified on September 15, 2014 that benefits were terminated. The forms state the reason for the termination of benefits and the matter in dispute as "Employer's [sic] report of mechanism of injury is inconsistent with the previous report to supervisor and injuries as identified by the authorized doctor."

On October 28, 2014, Employee filed a petition for benefit determination requesting temporary disability benefits and medical benefits. On June 1, 2015, Employee requested an expedited hearing and asked that the trial court issue a ruling based on a record review without an evidentiary hearing. Employer filed a motion to quash the request, asserting it did not have "the vast majority of the medical records from [Employee's] prior knee injury." Employer filed a separate response in opposition to Employee's request for expedited hearing asking the court to hold an in-person evidentiary hearing if the court did not grant its motion to quash. On July 2, 2015, the trial court denied the motion to quash and scheduled an in-person evidentiary hearing for July 31, 2015.

3

Employee and his supervisor, Mr. Sharp, testified at the hearing, offering differing accounts of when and how Employee reported his injury, whether Employee attributed his complaints to an old injury, and the circumstances of Employee's termination. On August 20, 2015, the trial court issued its Expedited Hearing Order for Medical Benefits ordering Employer to provide Employee "a panel of orthopedic physicians from which he may select a physician for evaluation and treatment of any work-related injury pursuant to Tennessee Code Annotated section 50-6-204."

Employer timely filed a notice of appeal on August 31, 2015, asserting (1) Employee did not offer medical proof that his injury more likely than not occurred in the course and scope of his employment, (2) the trial court erred in determining that Employee was credible, (3) Employee voluntarily resigned his employment, and (4) the trial court erred in failing to determine which of two First Reports of Injury is controlling. The record was received by the Clerk of the Appeals Board on September 14, 2015.

## Standard of Review

The standard of review to be applied by the Appeals Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The limited circumstances warranting reversal or modification of a trial court's decision are specified in the statute:

> The workers' compensation appeals board may reverse or modify and remand the decision of the workers' compensation judge if the rights of any party have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:
>
> (A) Violate constitutional or statutory provisions;
> (B) Exceed the statutory authority of the workers' compensation judge;
> (C) Do not comply with lawful procedure;
> (D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
> (E) Are not supported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

In applying the standard set forth in subparagraph (E) above, courts have construed "substantial and material" evidence to mean "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Clay Cnty. Manor, Inc. v.*

4

*State, Dep't of Health & Env't*, 849 S.W.2d 755, 759 (Tenn. 1993) (*quoting Southern Ry. Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984)). Like other courts applying the standard embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

The primary issue on appeal is whether Employee presented sufficient evidence to support the trial court's order for medical benefits requiring Employer to provide a panel of orthopedic physicians as recommended by the authorized treating physician, Dr. King. Employer also raises a credibility issue, asserting the trial court erred in finding Employee credible "in the face of testimony, records, and recordings that contradicted his version of the events." Additionally, Employer presents as issues whether Employee voluntarily resigned his employment by refusing to comply with Employer's requirement that he return a Family Medical Leave Act form within five days, and whether the trial court erred in failing to determine which of two First Reports of Injury controls in the case. We decline to address the latter two issues as they are immaterial to the trial court's August 20, 2015 order for medical benefits.

### *The Award of Medical Benefits*

Citing Tennessee Code Annotated section 50-6-239(c), Employer asserts that an employee is not entitled to medical benefits unless the employee proves to a reasonable degree of medical certainty that the injury at issue primarily arose out of and in the course and scope of the employment. Relying on the trial court's finding that "Dr. King, however, does not provide an opinion on causation to allow this Court to determine whether [Employee's] right-knee injury of August 9, 2014, arose primarily out of and in the course and scope of his employment," Employer asserts that Employee's evidence was insufficient to establish a right to medical benefits. We find no merit in Employer's position.

Employer overlooks the applicable standard for a trial court to enter an interlocutory order concerning the provision of temporary disability or medical benefits as is stated in the trial court's August 20, 2015 order. "[A]n employee need not prove each and every element of his or her claim by a preponderance of the evidence at an expedited hearing to be entitled to temporary disability or medical benefits, but must instead present evidence sufficient for the trial court to conclude that the employee would likely prevail at a hearing on the merits in accordance with the express terms of [Tennessee Code Annotated] section 50-6-239(d)(1)." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Here, the trial court expressly determined that while Employee has not proven by a preponderance of the evidence that he suffered an

injury arising primarily out of and in the course and scope of his employment, "he has shown that he is likely to prevail at a hearing on the merits."

*Credibility*

Employer also asserts that the trial court erred in finding Employee credible. Employer requests that we find Employee "to be incredible, and credit the testimony of Mr. Sharp." As the Tennessee Supreme Court has observed many times, reviewing courts must conduct an in-depth examination of the trial court's factual findings and conclusions. *Wilhelm v. Krogers,* 235 S.W.3d 122, 126 (Tenn. 2007). As noted above, our review of a trial court's order is governed by Tennessee Code Annotated sections 50-6-217(a)(3) (2015) and 50-6-239(c)(7) (2014). Section 50-6-239(c)(7) provides a presumption "that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." When the trial court has seen and heard the witnesses, considerable deference must be afforded the trial court's factual findings. *Tyron v. Saturn Corp.,* 254 S.W.3d 321, 327 (Tenn. 2008). No similar deference need be afforded the trial court's findings based on documentary evidence. *Glisson v. Mohon Int'l Inc.,* 185 S.W.3d 348, 353 (Tenn. 2006). Despite the deferential standard of review for live testimony, we must still assess independently where the preponderance of the evidence lies. *See* Tenn. Code Ann. § 50-6-239(c)(7).

After independently reviewing the record and guided by the above principles, we conclude that the evidence does not preponderate against the trial court's findings with respect to Employee's credibility. The trial court heard the testimony of Employee and his supervisor, Mr. Sharp. Additionally, the trial court heard the recorded telephone conversation involving Employee, his supervisor and the Medcor representative. The trial court expressly found Employee to be credible, stating that "[a]ny inconsistencies in his report of the August 9, 2014 work incident were minor and caused by the fact that the work incident occurred during an overnight shift, which encompassed two calendar days." Moreover, as stated by the trial court, "[t]he medical records of the authorized treating physician, Dr. King, support [Employee's] description of the work incident."

**Conclusion**

For the foregoing reasons, the trial court's judgment is affirmed and the case is remanded for such additional proceedings as may be necessary.

David F. Hensley, Judge
**Workers' Compensation Appeals Board**

6